(No. 1040—Claim denied.)

HENRY J. HEISS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *Respondeat Superior* is not applicable to the State and it is not liable for the negligence of its employees, servants or officers.

GOVERNMENTAL FUNCTION—*State not liable.* The State in the construction of its hard roads exercises a governmental function and is not liable for the negligence of its officers, agents or officials.

CARL E. SHELDON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $1164.95 damages to the claimant's automobile caused by an accident which happened near Henkel February 6, 1926, while claimant's son, Henry, aged 17 years, and four other boys were driving to Mendota on State Highway No. 2 to attend a high school basketball game.

At the point where the accident occurred a gap had been left in the pavement for the construction of a proposed viaduct over the Illinois Central Railroad. Counsel for claimant and defendant stipulated that the accident occurred about 25 feet beyond the end of the pavement on Route No. 2, seven-tenths of a mile north of Henkel, just north of the overhead bridge; that about one-tenth of a mile north of the end of the pavement and on the side thereof was an octagonal sign bearing the inscription "End of pavement—Danger"; that within about 75 feet north of the end of the pavement there were two more signs adjacent thereto, one of which bore the inscription "Pavement gap, proposed overhead I. C. R. R.," and the other of which bore the inscription "Slow 400 feet." That each and all of said signs were in their present respective locations at the time of the accident on February 6, 1926. It also appears from the record that at the end of the pavement there was a dirt road leading south and a little west into Henkel.

Claimant lives at Sterling. On the evening of the accident his son and four other boys left Sterling for Mendota in claimant's Hudson seven-passenger touring car. Claimant's son was driving the car, one of the boys being in the front seat with him and the other three in the rear seat. The evidence shows he drove between 30 and 35 miles per hour all the way from Sterling and until he came near the end of the pavement, when he saw the sign, "End of pavement—Dangerous," and slowed the speed to between 25 and 30 miles per hour. Instead of following the dirt road south and west, he turned south and east and ran into an earth embankment and wrecked the car. The accident occurred about eight o'clock in the evening. He had dimmed the lights about a mile back from the place where the accident happened. He testified he only saw the sign, "End of pavement—Dangerous," but the boy in the seat with him saw all of the signs, and there was nothing to keep Henry from seeing them, had he been watching.

The Attorney General has filed a general and special demurrer to the declaration and contends the State is not liable for the damages claimed.

The agents of the State had put up proper signs and warnings to the public to prevent accidents at the place where this one occurred, and if claimant's son had heeded these signs, the accident would not have happened. But even if the agents of the State had not put up the proper signs, that would not

make the State liable, for it is well settled that the principle of *respondeat superior* does not apply to the State. Claimant has cited many cases holding cities and villages liable for injuries caused by permitting streets and sidewalks to become unsafe for public travel, and seems to take the view that the same rule applies to the State. In this claimant is in error. Neither the State nor any sub-division thereof for governmental purposes is liable for damages caused by the negligence of its agents, servants or officials. The Supreme Court of this State has held, in a long line of decisions, that towns and counties are not liable for damages caused by the negligence of the agents and officials of such municipalities in constructing and maintaining roads. The reason is that such municipalities are sub-divisions of the State for governmental purposes. And if a sub-division of the State is not liable for such damages, it follows, as a matter of course, that the State is not.

The demurrer will be sustained, the claim refused and the case dismissed.